# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD KEITH WILLIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **1:12-cv-2165-AKK** |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Donald Keith Willis ("Willis") brings this action pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").  Doc. 1.  This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the Court will **AFFIRM** the decision denying benefits.

## I.  Procedural History

Willis filed his application for Title II disability insurance benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") on March 5, 2008, alleging a disability onset date of September 15, 2006, due to anxiety attacks and depression. (R. 127-139, 157).  After the SSA denied his application on May 30, 2008, Willis requested a hearing.  (R. 80-84, 87-100).  At the hearing on September 17, 2010, Willis was 48 years old with a tenth grade education and trade school training in welding, and his past relevant work included working as a construction worker and equipment operator.  (R. 157, 162, 190).  Willis has not engaged in substantial gainful activity since his alleged disability onset date.  (R. 157).

The ALJ denied Willis's claims, which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-4, 6-29). Todd then filed this action pursuant to 42 U.S.C. § 1383(c)(3).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g)

and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).  Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'"  *Id*. at 1030 (citing 20

C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

### IV.  The ALJ's Decision

In performing the five step analysis, the ALJ initially determined that Willis met the insured status requirements of the Act through September 30, 2011.  (R. 11).  Moving to the first step, the ALJ found that Willis had not engaged in substantial gainful activity since September 16, 2006, and, therefore, met Step One.  *Id*.  Next, the ALJ found that Willis satisfied Step Two because he suffered from the severe impairments of "substance abuse, adjustment disorder and anxiety."  *Id*.  The ALJ then proceeded to the next step and found that Willis failed to satisfy Step Three because he "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments[.]"  (R. 12.  Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four, where she determined that Willis

> has the residual functional capacity ["RFC"] to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can perform at least simple routine tasks.  He is able to comprehend and recall brief and uncomplicated directions.  He is able to carry out short and simple instructions.  The

>claimant is able to maintain appropriate social interaction if limited to casual contact with supervisors and co-workers. The claimant is limited to only casual public contact. He is able to adapt to gradual changes.

(R. 13). In light of Willis's RFC, the ALJ held that Willis is "unable to perform any past relevant work." (R. 23). Lastly, in Step Five, the ALJ considered Willis's age, education, work experience, and RFC and determined "there are jobs that exist in significant numbers in the national economy that [Willis] can perform." (R. 24). Therefore, the ALJ found that Willis "has not been under a disability, as defined in the Social Security Act, from September 15, 2006, through the date of this decision." (R. 25).

## V. Analysis

The court turns now to Willis's contentions that the ALJ failed to (1) determine that Willis suffers from the severe impairment of depression, (2) pose a hypothetical question to the vocational expert that included Willis's anxiety and depression, and (3) determine that Willis cannot work a full day because of his anxiety. *See* doc. 9 at 13-16. The court addresses each contention in turn.

### A.     Alleged failure to include depression as a severe impairment

Willis's first contention of error is that the ALJ ignored that Willis's physicians diagnosed him with depression, *id*. (citing Exhibits 2F, 3F, and 11F),

ignored his testimony regarding his depression and how it renders him disabled, (R. 58-60, 157), and failed to determine that he suffers from the severe impairment of depression. Accordingly, Willis states that "[t]his case should be remanded for further proceedings regarding the severity of the plaintiff's depression and its effect on his ability to work." Doc. 9 at 13-15.

Willis is correct that the ALJ determined that Willis only suffered from the severe impairments of substance abuse, affect disorder, and anxiety. (R. 11). However, the failure to find that Willis's depression is a severe impairment does not mean that the ALJ erred. Again, at Step Two of the sequential process, the ALJ must determine whether a claimant's impairments are severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii). A severe impairment is one that significantly limits the claimant's ability to do basic work activities. *Crayton v. Callahan,* 120 F.3d 1217, 1219 (11th Cir. 1997). The Eleventh Circuit has held that even if an ALJ errs in not indicating that a diagnosed impairment is a severe impairment, the error is harmless if the ALJ concludes that the claimant has another severe impairment because "that finding is all that step two requires." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (citing *Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir. 1991) (applying the harmless error doctrine to social security cases); *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987) ("the finding of *any*

severe impairment ... whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is enough to satisfy step two) (emphasis added)).  In fact, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe.  Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination." *Id.* (citing *Bowen v. Heckler,* 748 F.2d 629, 635 (11th Cir. 1984) (explaining that the ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments")).

     Based on the case law, in light of the ALJ's finding that Willis has a severe impairment, which is all that is required to satisfy Step Two, the court rejects Willis's contention that the ALJ committed reversible error when she failed to find the depression a severe impairment.  Moreover, it is clear that the ALJ considered all of Willis's impairments, including the depression, in combination at Step Three.  Specifically, the ALJ discussed in detail Willis's testimony and medical history, which included the diagnoses he received related to his depression.  *See id.* (citing *Jones v. HHS,* 941 F.2d 1529, 1533 (11th Cir. 1991) (a simple expression of the ALJ's consideration of the combination of impairments constitutes a sufficient statement of such findings)).  For example, the ALJ noted

that in October 2007, Willis sought treatment at the Calhoun-Cleburne Mental Health Board for complaints of anxiety and panic attacks that became progressively worse with depression, and that the therapist referred Willis for psychiatric evaluation, noting Willis's depression with flat affect, feelings of helplessness and hopelessness. (R. 15, 219). The ALJ also noted that the subsequent psychiatric evaluation indicated that Willis reported symptoms of low self-esteem, low energy, and low motivation, and that the psychiatrist diagnosed Willis with depression and prescribed him medications for his depression and anxiety. (R. 15, 225-26). Next, the ALJ referenced that Dr. Mary Arnold, a licensed psychologist, conducted a consultative psychological evaluation on Willis on May 14, 2008 and diagnosed him with adjustment disorder with anxiety and depression and noted that Willis self-reported his panic attacks and depression and was without mental health services. (R. 16, 235-38). The ALJ mentioned next that on July 8, 2009, Dr. Michael J. Hanna, Willis's treating physician since 2006, noted that "I am not sure whether it is depression, anxiety, both. But [Willis] states that he gets confused and is lethargic." (R. 17, 352). Moreover, the ALJ mentioned that Willis visited the emergency room for these complaints and that the hospital diagnosed Willis with major depressive disorder with psychotic features and panic disorder, changed his medications, and, upon discharge, Willis

reported his depression and panic symptoms had abated as well as the psychotic symptoms. (R. 17, 262-63). Finally, the ALJ indicated that in August 2009, Dr. Hanna reported that the Mental Health Board was treating Willis's depression/anxiety and that a change in medication resulted in Willis having a clearer mind, better focus, and motivation, and he was more alert, animated, and pleasant with a much brighter affect. (R. 17-18, 352).

Based on these medical records, the ALJ concluded that Willis's depression was not a severe impairment. Because the ALJ properly considered all of Willis's impairments in combination at Step Three, the ALJ's error, if any, in failing to include depression as a severe impairment at Step Two was harmless. *See Heatly*, 382 F. App'x at 824-25. Moreover, no basis for a remand exists here because the ALJ relied on the medical evidence in reaching her determination that Willis's depression was not a severe impairment and did not meet one of the listed impairments in combination with the severe impairments. Specifically, the ALJ noted that Willis "alleges he has [] been diagnosed with depression" and "has had some mental health treatment, [but] it would be an exaggeration to call [the treatment] consistent." (R. 14). As the ALJ pointed out, the treatment "was primarily sought through a referral made from the department of human services as a consequence of [Willis's] delinquent child support payments." *Id*. Finally,

there was no evidence that a physician found the depression disabling. Based on the record, the ALJ's determination that Willis's depression is not a severe impairment is supported by substantial evidence.

### B. Alleged failure to include anxiety and depression in the hypothetical posed to the vocational expert

In a related argument, Willis's next contention of error is that the ALJ failed to pose a hypothetical question to the vocational expert that included anxiety and depression. *See* doc. 9 at 15. Generally, "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). If the ALJ fails to do so, the vocational expert's testimony is not substantial evidence and cannot support the ALJ's conclusion that the claimant can perform significant numbers of jobs in the economy. *Winschel v. Comm. of Social Sec.*, 631 F.3d 1176, 1181 (11th Cir. 2011). However, the ALJ only has to include credible limitations in the hypothetical to the vocational expert. *See Perkins v. Astrue*, 648 F.3d 892, 901-02 (8th Cir. 2011) ("A hypothetical question posed to the vocational expert is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true. . . The hypothetical question must capture the

concrete consequences of the claimant's deficiencies. . . However, the ALJ may exclude any alleged impairments that [he] has properly rejected as untrue or unsubstantiated."). In other words, in light of the ALJ's finding that Willis's depression was not a severe impairment and that Willis's testimony was not wholly credible based on his inconsistent treatment and statements, discussed *infra*, the ALJ committed no error if she, in fact, failed to include depression in her hypothetical.

However, contrary to Willis's contention, the ALJ arguably presented a hypothetical that comprised all of Willis's impairments, including his anxiety and depression. Specifically, the ALJ established a hypothetical by first referring to Exhibit 7F, the Mental RFC conducted by Dr. Robert Estock, M.D., and asked "if a person had the limitations that are expressed in that particular RFC, whether they could do [the past relevant work]." (R. 69, 254). The Mental RFC stated that Willis was moderately limited in his ability to "understand and remember detailed instructions," "carry out detailed instructions," "maintain attention and concentration for extended period, "interact appropriately with the general public," "accept instructions and respond appropriately to criticism from supervisors," and "respond appropriately to changes in the work setting." (R. 254-55). Moreover, the RFC stated that Willis was not significantly limited in his "ability to complete

a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." (R. 255). Based on these limitations, the vocational expert testified that such a person could not perform Willis's past relevant work. (R. 70). Next, the ALJ further restricted the RFC to "eliminate contact with the public and left the co-workers as limited and casual [contact]" and the vocational expert determined that such a person can work as a kitchen helper, cleaner, and laundry laborer and that a significant number of these jobs exist. (R. 69-71).

Despite Willis's contention to the contrary, the ALJ's hypothetical and the vocational expert's testimony establish that the vocational expert considered Willis's actual limitations and still determined that jobs exist that Willis can perform. Moreover, while Willis's attorney questioned the vocational expert about how Willis's alleged blood pressure spikes could impact his ability to work, the attorney never mentioned Willis's anxiety or depression as impairments that the vocational expert should consider. Ultimately, Willis has the burden of proving that he is disabled. *See* 20 C.F.R. § 416.912(c). To the extent Willis claims he is disabled because of his anxiety and depression, Willis failed to make that showing here. Therefore, Willis failed to prove that the ALJ failed to include

all of Willis's actual impairments in the hypothetical to the vocational expert. Accordingly, pursuant to *Wilson*, 284 F.3d at 1227, the substantial evidence supports the vocational expert's testimony and the ALJ's finding that Willis is not disabled.

### C. Alleged failure to consider how Willis's anxiety prevents him from working a full work day

Willis's last contention of error is based on his claim that he "cannot work because his anxiety prevents him from working a full work day, minus a reasonable time for lunch and breaks." Apparently, Willis is arguing that the ALJ should have included a greater restriction in Willis's RFC for his anxiety. In that regard, the court notes that the responsibility for assessing the RFC falls on the ALJ. 20 C.F.R. § 416.946. Moreover, in determining whether the claimant is disabled, the ALJ "will always consider the medical opinions in [the] case record together with the rest of the relevant evidence [he] received." 20 C.F.R. § 404.15279(b). Here, as mentioned, *supra*, the ALJ had sufficient medical evidence in the record from which to develop the RFC.

Specifically, the ALJ determined that "[w]hile [Willis] may have some anxiety and that may cause some impacts on his ability to perform work, his overall presentation about this was not consistent with the record. [Willis] possesses the capacity for work as noted in the about residual capacity finding."

(R. 13).  Regarding Willis's anxiety, the ALJ found that Willis had the RFC to "maintain appropriate social interaction if limited to casual contact with supervisors and co-workers...limited to only casual public contact...and is able to adapt to gradual changes." *Id*.  Ultimately, the ALJ reviewed the medical evidence and Willis's testimony and found that the "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however [Willis's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."  (R. 18).  The ALJ based her determination largely on Willis's inconsistent statements regarding his work activity and his limitations, which led the ALJ to believe that Willis was not entirely credible.  *See id.*  For instance, the ALJ noted inconsistencies between (1) Willis's earning record and his reports of self-employment work, (2) termination from two jobs rather than quitting, (3) having a business relationship after the time he reported he never left his home and had no earnings, (4) whether he had a memory impairment and often left things burning on his stove and whether he actually burnt his house down, as he reported to therapist, since he denied doing so in his testimony to the ALJ, (5) whether he was actually housebound, isolated, and inactive as he testified from 2004 to 2010 in light of his

statements to his physicians regarding activities that he participated in outside his home, and (6) whether he used any drugs and alcohol since his alleged onset date, which he denied, despite the evidence to the contrary. *See* (R. 18-22).

Based on the record before this court, the ALJ appropriately considered the evidence in the record in making her RFC determination. Therefore, the substantial evidence supports the ALJ's RFC determination and conclusion that Willis's anxiety was not disabling.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Willis is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**Done** the 21st day of February, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE